UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID McCUTCHEON,

                    Plaintiff,

          v.

UNITED STATES OF AMERICA DEPARTMENT
OF THE INTERIOR NATIONAL PARKS
SERVICE, and DAVID L. BERNHARDT,
SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE INTERIOR,

                    Defendants.

---

20 Civ. 10616 (GHW)(DCF)

### ANSWER

Defendants National Parks Service of the U.S. Department of Interior, and Deb Haaland,

in her official capacity, as Secretary of the U.S. Department of the Interior,[1] by their attorney

Audrey Strauss, United States Attorney for the Southern District of New York, hereby answers

the Complaint, filed December 16, 2020, of David McCutcheon ("Plaintiff"), Dkt. No. 1, as

follows:

    1.      The allegations contained in Paragraph 1 of the Complaint consist of conclusions

of law, to which no response is required.

    2.      The allegations contained in Paragraph 2 of the Complaint consist of statements

of jurisdiction and conclusions of law, to which no response is required.

    3.      The allegations contained in Paragraph 3 of the Complaint consist of statements

of jurisdiction and conclusions of law, to which no response is required.

---

[1] Deb Haaland became the Secretary of the Interior on March 16, 2021, and was automatically
substituted for former Secretary David L. Bernhardt pursuant to Federal Rule of Civil Procedure
25(d).

4.      The allegations contained in Paragraph 4 of the Complaint consist of statements of jurisdiction and conclusions of law, to which no response is required.

5.      With respect to Paragraph 5 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Plaintiff was an employee of the U.S. Department of Interior during the relevant time period and admits Plaintiff was born on the date he asserts.

6.      Admit the allegations contained in Paragraph 6 of the Complaint.

7.      Deny the allegations contained in Paragraph 7 of the Complaint, and affirmatively asserts that Deb Haaland is the current Secretary of DOI.

8.      The allegations contained in Paragraph 8 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

9.      Deny the allegations contained in Paragraph 9 of the Complaint, and affirmatively assert that on or around March 15, 2020, Plaintiff filed a complaint with the National Park Service contesting the decision to suspend him for 14 days, as well as alleging a failure to reasonably accommodate.

10.     Deny the allegations contained in Paragraph 10.

11.     Deny the allegations contained in Paragraph 11.

12.     Admit the allegations contained in Paragraph 12 of the Complaint

13.     Admit the allegations contained in Paragraph 13 of the Complaint.

14.     Deny the allegations contained in Paragraph 14 of the Complaint, except admit that that Plaintiff received no discipline prior to the March 5, 2020, Notice of Decision Regarding 14-Day Proposed Suspension, which mitigated Plaintiff's proposed suspension to 7

days, effective between March 18, 2020 through March 24, 2020.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.      Deny the allegations contained in Paragraph 16 of the Complaint, but admit that in the fiscal years 2018 and 2019, Plaintiff was rated superior on his Employment Performance Appraisal.

17.      Deny the allegations contained in Paragraph 17 of the Complaint.

18.      Deny the allegations contained in Paragraph 18 of the Complaint, except admit that Plaintiff applied for the position Supervisory Park Ranger, GS-0025-11 (vacancy announcement NY-LN-14-1005598 MP), in or around 2013.

19.      Deny the allegations contained in Paragraph 19 of the Complaint, except admit that that Plaintiff received no discipline prior to the March 5, 2020, Notice of Decision Regarding 14-Day Proposed Suspension, which mitigated Plaintiff's proposed suspension to 7 days, effective between March 18, 2020 through March 24, 2020.

20.      Deny the allegations contained in Paragraph 20.

21.      Deny the allegations contained in Paragraph 21.

22.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.      Deny the allegations contained in Paragraph 23 as vague. To the extent a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, as DOI does not maintain relevant records prior to 2014.

24.      Deny the allegations contained in Paragraph 24.

25.    Deny the allegations contained in Paragraph 25 as vague.

26.    Deny the allegations contained in Paragraph 26 as vague.

27.    Deny the allegations contained Paragraph 27 as vague, except admit that Plaintiff filed a Complaint of Discrimination on the basis of age and reprisal when he was not selected for a supervisory park ranger position, in case no. DOI-NPS-14-0113.

28.    Deny the allegations contained in Paragraph 28 as vague.

29.    Deny the allegations contained in Paragraph 29 as vague.

30.    Deny the allegations contained in Paragraph 30 as vague.

31.    The allegations contained in Paragraph 31 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

32.    The allegations contained in Paragraph 32 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

33.    Deny the allegations contained in Paragraph 33 of the Complaint.

34.    Deny the allegations contained in Paragraph 34 of the Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.    Deny allegations contained in Paragraph 36 of the Complaint, except admit that Plaintiff took Annual Leave on Monday, November 5, 2018, called out of work on November 26 and 27, 2018, and was granted sick leave on December 20, 2018.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Deny the allegations contained in Paragraph 38 of the Complaint, except admit that Plaintiff, along with several other Rangers, were ordered to report to the Statute of Liberty Park, commencing on November 25, 2018, due to staffing needs.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Deny the allegations contained in Paragraph 40 of the Complaint.

41.     Deny the allegations contained in Paragraph 41 of the Complaint.

42.     Deny the allegations contained in Paragraph 42 of the Complaint.

43.     Deny the allegations contained in Paragraph 43 of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Deny the allegations contained in Paragraph 48 of the Complaint.

49.     Deny the allegations contained in Paragraph 49 of the Complaint.

50.     Deny the allegations contained in Paragraph 50 of the Complaint, except admit that posts identified as "6P Podium" and "Screening Site" must be manned at all times, and further admit that Rangers manning those posts must contact a supervisor if they will be absent from the post, and further admit that some of these posts are unheated.

51.    Deny the allegations contained in Paragraph 51.

52.    Deny the allegations contained in Paragraph 52, except admit that on March 5, 2020, the Agency issued to Plaintiff the Notice of Decision Regarding 14-Day Proposed Suspension, which mitigated Plaintiff's proposed suspension to 7 days, effective between March 18, 2020 through March 24, 2020, and further admit that Plaintiff's AWOL charge was sustained.

53.    Deny the allegations contained in Paragraph 53 of the Complaint, except admit that on August 21, 2018, Plaintiff requested annual leave for December 26-28, 2018, and further admit that on September 6, 2018, Plaintiff requested annual leave for December 19-21, 2018, and December 24, 2018.

54.    Deny the allegations contained in Paragraph 54 of the Complaint.

55.    Deny the allegations contained in Paragraph 55 of the Complaint.

56.    Deny the allegations contained in Paragraph 56 of the Complaint, except admit that Plaintiff granted sick leave on December 20, 2018.

57.    Deny the allegations contained in Paragraph 57 of the Complaint, except admit that Plaintiff's requests for leave made in August and September 2018 for December 2018 were denied.

58.    Deny the allegations contained in Paragraph 58 of the Complaint.

59.    Deny the allegations contained in Paragraph 59 of the Complaint to the extent Plaintiff asserts the positions were "promotional."

60.    Deny the allegations contained in Paragraph 60 of the Complaint.

61.    Deny the allegations contained in Paragraph 61 of the Complaint.

62.    Deny the allegations contained in Paragraph 62 of the Complaint.

63.     Deny the allegations contained in Paragraph 63 of the Complaint.

64.     Deny the allegations contained in Paragraph 64 of the Complaint.

65.     Deny the allegations contained in Paragraph 65 of the Complaint.

66.     Deny the allegations contained in Paragraph 66 of the Complaint.

67.     With respect to the allegations contained in Paragraph 67 of the Complaint, admit that two individuals who are younger than Plaintiff were employed as Park Rangers.

68.     Deny the allegations contained in Paragraph 68 of the Complaint, except admit that employee Matthew Housch, was appointed on June 23, 2019, and employee Kathryn Gilson was laterally reassigned to Liberty on June 23, 2019, and is the same grade as Plaintiff.

69.     Deny the allegations contained in Paragraph 69 of the Complaint, except admit that employee Matthew Housch, was appointed on June 23, 2019, and received a promotion to the same grade as Plaintiff on July 19, 2020.

70.     Deny the allegations contained in Paragraph 70 of the Complaint.

71.     Deny the allegations contained in Paragraph 71 of the Complaint.

72.     Deny the allegations contained in Paragraph 72 of the Complaint.

73.     Deny the allegations contained in Paragraph 73 of the Complaint.

74.     Deny the allegations contained in Paragraph 74 of the Complaint.

75.     Deny the allegations contained in Paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     Deny the allegations contained in Paragraph 77 of the Complaint.

78.     Deny the allegations contained in Paragraph 78 of the Complaint.

79.     Deny the allegations contained in Paragraph 79 of the Complaint.

80.    Deny the allegations contained in Paragraph 80 of the Complaint.

81.    Deny the allegations contained in Paragraph 81 of the Complaint.

82.    Deny the allegations contained in Paragraph 82 of the Complaint.

83.    Deny the allegations contained in Paragraph 83 of the Complaint.

84.    Deny the allegations contained in Paragraph 84 of the Complaint.

85.    Deny the allegations contained in Paragraph 85 of the Complaint.

86.    Deny the allegations contained in Paragraph 86 of the Complaint, except admit that DOI has a program available to all eligible employees to assist with the payment of educational opportunities.

87.    Deny the allegations contained in Paragraph 87 of the Complaint.

88.    Deny the allegations contained in Paragraph 88 of the Complaint.

89.    Deny the allegations contained in Paragraph 89 of the Complaint.

90.    Deny the allegations contained in Paragraph 90 of the Complaint.

91.    Deny the allegations contained in Paragraph 91 of the Complaint.

92.    Deny the allegations contained in Paragraph 92 of the Complaint.

93.    Deny the allegations contained in Paragraph 93 of the Complaint.

94.    Deny the allegations contained in Paragraph 94 of the Complaint.

95.    Deny the allegations contained in Paragraph 95 of the Complaint.

96.    Deny the allegations contained in Paragraph 96 of the Complaint.

97.    With respect to the allegation contained in Paragraph 97 of the Complaint that McCoy was "on notice that Plaintiff was disabled and seeking a reasonable accommodation," deny.  With respect to the remaining allegations contained in Paragraph 98 of the Complaint, Defendants respectfully refers the Court to the cited document for a complete and accurate

statement of its contents, and deny any inconsistent statements thereto.

98.    Deny the allegations contained in Paragraph 98 of the Complaint.

99.    Deny the allegations contained in Paragraph 99 of the Complaint, except admit that Plaintiff received a Written Notice of Proposed 14-Day Suspension on January 10, 2020.

100.    Deny the allegations contained in Paragraph 100 of the Complaint.

101.    Deny the allegations contained in Paragraph 101 of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, except admit that Plaintiff called Park Ranger Jennifer Seron "stupid."

103.    Deny the allegations contained in Paragraph 103 of the complaint, except admit that a complaint filed by Seron was investigated.

104.    Deny the allegations contained in Paragraph 104 of the Complaint.  Defendants further respectfully refers the Court to the cited document for a complete and accurate statement of its contents, and deny any inconsistent statements thereto.

105.    Deny the allegations contained in Paragraph 105, except admit that Complaint of Discrimination in DOI-NPS-19-0730 was submitted on October 21, 2019.

106.    Deny the allegations contained in Paragraph 106 of the Complaint.

107.    With respect to Paragraph 107, Defendants reallege and incorporate their answers to Paragraphs 1 through 106 as though fully set forth herein.

108.    The allegations contained in Paragraph 108 of the Complaint consist of conclusions of law, to which no response is required.

109.    The allegations contained in Paragraph 109 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed

required, deny the allegations contained therein.

110.    The allegations contained in Paragraph 110 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

111.    The allegations contained in Paragraph 111 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

112.    With respect to Paragraph 112, Defendants reallege and incorporate their answers to Paragraphs 1 through 111 as though fully set forth herein.

113.    The allegations contained in Paragraph 113 of the Complaint consist of conclusions of law, to which no response is required.

114.    The allegations contained in Paragraph 114 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

115.    The allegations contained in Paragraph 115 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

116.    The allegations contained in Paragraph 116 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

117.    With respect to Paragraph 117, Defendants reallege and incorporate their answers to Paragraphs 1 through 116 as though fully set forth herein.

118.    The allegations contained in Paragraph 118 of the Complaint consist of

conclusions of law, to which no response is required.

119.    The allegations contained in Paragraph 119 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

120.    The allegations contained in Paragraph 120 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

121.    The allegations contained in Paragraph 121 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

122.    The allegations contained in Paragraph 122 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

123.    The allegations contained in Paragraph 123 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

124.    The allegations contained in Paragraph 124 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

125.    The allegations contained in Paragraph 125 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

126.    With respect to Paragraph 126, Defendants reallege and incorporate their answers

to Paragraphs 1 through 125 as though fully set forth herein.

127.    The allegations contained in Paragraph 127 of the Complaint consist of conclusions of law, to which no response is required.

128.    The allegations contained in Paragraph 128 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

129.    The allegations contained in Paragraph 129 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

130.    The allegations contained in Paragraph 130 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

131.    The allegations contained in Paragraph 131 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

132.    The allegations contained in Paragraph 132 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

133.    The allegations contained in Paragraph 133 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

134.    The allegations contained in Paragraph 134 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed

required, deny the allegations contained therein.

135.    With respect to Paragraph 135, Defendants reallege and incorporate their answers to Paragraphs 1 through 134 as though fully set forth herein.

136.    Admit the allegations contained in Paragraph 136 of the Complaint.

137.    Admit the allegations contained in Paragraph 137 of the Complaint.

138.    Deny the allegations contained in Paragraph 138 of the Complaint.

139.    The allegations contained in Paragraph 139 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

140.    The allegations contained in Paragraph 140 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

141.    The allegations contained in Paragraph 141 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

142.    The allegations contained in Paragraph 142 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

143.    The allegations contained in Paragraph 143 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

144.    The allegations contained in Paragraph 144 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed

required, deny the allegations contained therein.

145.    The allegations contained in Paragraph 145 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

146.    With respect to Paragraph 146, Defendants reallege and incorporate their answers to Paragraphs 1 through 145 as though fully set forth herein.

147.    Admit the allegations contained in Paragraph 147 of the Complaint.

148.    Admit the allegations contained in Paragraph 148 of the Complaint.

149.    Deny the allegations contained in Paragraph 149 of the Complaint.

150.    The allegations contained in Paragraph 150 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

151.    The allegations contained in Paragraph 151 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

152.    The allegations contained in Paragraph 152 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

153.    The allegations contained in Paragraph 153 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

154.    The allegations contained in Paragraph 154 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed

required, deny the allegations contained therein.

155.    The allegations contained in Paragraph 155 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

156.    The allegations contained in Paragraph 156 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

157.    The allegations contained in Paragraph 157 of the Complaint consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, deny the allegations contained therein.

158.    Paragraph 158 contains no factual allegations to which a response is required.

159.    The Wherefore paragraphs of the Complaint contain no factual allegations to which a response is required.  To the extent a response is required, deny that Plaintiff is entitled to the relief requested, or any other relief.

## DEFENSES

Any allegations not specifically admitted or denied are hereby denied. For further and separate answer, the Government alleges as follows:

## FIRST DEFENSE

Plaintiff's claim under the ADA must be dismissed as federal employees have no remedy for employment discrimination under the ADA. *Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998); *see also* 42 U.S.C. § 12111(5)(B).

## SECOND DEFENSE

Plaintiff's claim under Title VII must be dismissed because the Complaint does not allege discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a).

## THIRD DEFENSE

The complaint fails to state a claim on which relief can be granted.

## FOURTH DEFENSE

Plaintiff was not unlawfully discriminated against on the basis of any protected characteristic nor was he retaliated against for protected activity.

## FIFTH DEFENSE

Any actions taken by Defendants, its agents, or its employees were motivated by legitimate, nondiscriminatory, and non-retaliatory reasons which were not pretextual.

## SIXTH DEFENSE

To the extent Plaintiff claims that Defendants failed to provide him with a reasonable accommodation, Plaintiff could not, even with reasonable accommodation, perform the essential functions of his position.

## SEVENTH DEFENSE

Defendants, its agents, and its employees acted at all times in accordance with all relevant statutes, rules, and regulations.

## EIGHTH DEFENSE

Plaintiff has failed to demonstrate and/or mitigate his damages.

## NINTH DEFENSE

Damages and costs, if any, are limited to those permitted by statute.

## TENTH DEFENSE

To the extent Plaintiff failed to exhaust all available administrative remedies properly, as required by the applicable statutes and regulations, this action is barred in whole or in part.

## ELEVENTH DEFENSE

To the extent the allegations are outside the scope of the administrative charges filed by Plaintiff, Plaintiff has failed to state a cause of action for which relief can be granted.

## TWELFTH DEFENSE

Plaintiff is not entitled to a jury trial with respect to any claim for equitable or injunctive relief.

Defendants may have additional defenses which are not known at this time but which may become known through discovery.  Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements herein, and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        October 1, 2021

                            Respectfully submitted,

                            AUDREY STRAUSS
                            United States Attorney
                            Southern District of New York

                    By:     JENNIFER C. SIMON
                            Assistant United States Attorney
                            86 Chambers Street, Third Floor
                            New York, New York 10007
                            Tel.: (212) 637-2746
                            E-mail: Jennifer.Simon@usdoj.gov