# EXHIBIT 3



UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT
33 Whitehall Street, New York, NY 10004-2112

In the matter of:

DAVE MCCUTCHEON,

    Complainant,

v.                                                                                          DATE: April 1, 2016

SALLY JEWEL, SECRETARY
US DEPARTMENT OF THE INTERIOR,
    Agency.

EEOC Hearing No.:   520-2015-00140X
Agency No.:              NPS-14-0113

## ORDER ENTERING JUDGMENT

For the reasons set forth in the Decision dated April 1, 2016, judgment in the above-captioned matter is hereby entered in favor of the Agency. A Notice to the parties explaining their appeal rights is attached.

It is So Ordered.

For the Commission:

_(signed)_
Robert D. Rose
Administrative Judge
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street
New York, NY  10004
rrose-efilebox@eeoc.gov

MAY 3 2016
TW

## **NOTICE TO THE PARTIES**

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. §1614.109(b), 109(g) or 109(i). EEOC regulations require the Agency to take final action on the complaint by issuing a final order within 40 calendar days of receipt of the hearing file and this decision. The Agency's final order shall notify the Complainant whether or not the Agency will fully implement this decision, and shall contain notice of the Complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. A copy of the Final Order shall also be provided to the Administrative Judge.

With the exception detailed in the next paragraph, complainant may not file an appeal to the Commission directly from this decision. Rather, Complainant may appeal to the Commission within 30 calendar days of receipt of the Agency's final order concerning its implementation of this decision. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. §1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached to the final order.

Complainant may only appeal directly from this decision in the event that the Agency has **not** issued its final order within 40 calendar days of its receipt of the hearing file and this decision. In this event, the complainant should append a copy of the Administrative Judge's decision to the appeal. The complainant should furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the opposing party. All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> PO Box 77960
> Washington, DC  20013
> Fax No. (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

For further guidance regarding appeals, the parties may consult 29 C.F.R. §1614.401 et seq. and Chapter 10 of the Commission's Management Directive-110. These documents are available on the EEOC's website at EEOC.GOV.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. §1614.504, an Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. If the Complainant believes that the Agency has failed to comply with the terms of its final action, the Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the Complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The Complainant may file such an appeal within 30 calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least 35 calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within 30 calendar days of receiving the notice of appeal.

## CERTIFICATE OF SERVICE

For timeliness purposes, presumption of receipt of this <u>ORDER</u> shall be five (5) calendar days after being sent 1st class U.S. Mail (if electronic mail, presumption of receipt is the next regular business day).

It is hereby certified that a true and correct copy of the Commission's <u>ORDER</u> was sent April 1, 2016, to the following parties:

**For the COMPLAINANT:**

*Complainant (by email)*
Dave McCutcheon
dave_mccutcheon@nps.gov

*Complainant's Representative (by email)*
Locksley O. Wade
wade@wadefirm.com


**For the AGENCY:**

*Agency Representative (by email)*
S. Amanda Bossie
Susan.Bossie@sol.doi.gov


*[signature]*

Robert D. Rose
Administrative Judge
Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: (212) 336-3708
rrose-efilebox@eeoc.gov

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT
33 Whitehall Street, New York, NY 10004-2112

---

**In the matter of:**
**DAVE MCCUTCHEON,**

       **Complainant,**

       v.                                                                                         DATE: April 1, 2016

**SALLY JEWEL, SECRETARY**
**US DEPARTMENT OF THE INTERIOR,**
       **Agency.**

---

EEOC Hearing No.:   520-2015-00140X
Agency No.:              NPS-14-0113

### DECISION ON AGENCY MOTION FOR SUMMARY JUDGMENT

Dave McCutcheon ("Complainant") filed an EEO complaint against his employer ("DOI" or "Agency") on April 27, 2014. Complainant requested a hearing before the EEOC on December 12, 2014. The assigned EEOC Administrative Judge issued an Acknowledgement and Notice of Pre-Hearing Conference on January 2, 2014, and a Discovery Order on February 4, 2015. After discovery closed, the Agency moved for summary judgment. For the reasons set forth below, the Agency's motion is GRANTED.

### I.   CLAIMS AT ISSUE

The following claims were accepted by the Agency and are at issue:

Whether the Agency discriminated against Complainant based on his age and reprisal (prior EEO activity) by:

1. not selecting Complainant for a Supervisory Park Ranger GS-11 position, announcement NY-14-1005598 MP, National Park of New York on January 6, 2014;
2. not giving Complainant the opportunity to be paid in an Acting Supervisory position as his younger colleagues had been afforded from November 2013 to the present;
3. not including Complainant's name on an unofficial candidate selection list and interview schedule for the Supervisory Park Ranger position which Complainant applied for.

### II.   PROCEDURAL HISTORY AND SUBMISSIONS BY THE PARTIES

MAY 3 2016

Complainant filed a formal complaint with the Agency on April 27, 2014. The Agency accepted the complaint by letters dated May 6, 2014, May 27, 2014 and July 25, 2014. The Report of Investigation (ROI) was submitted on August 29, 2014. ROI, p. 3.

The Agency filed a Motion for Summary Judgment on July 9, 2015. Complainant filed his Opposition to Agency Motion for Summary Judgment on July 31, 2015, and the Agency filed a Reply in Support of Motion for Summary Judgment on August 5, 2015.

### III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Complainant is a GS-9 Park Ranger for the National Park Service at Statue of Liberty National Monument and Ellis Island (STLI or Park) in New York, New York. ROI Ex. 7 at 129 (Complainant's Affidavit) and Ex. 37 at 427 (Complainant's Resume). Complainant's date of birth is June 25, 1960. ROI Ex. 2 at 47; Ex. 4 at 119.

2. On December 3, 2013, STLI issued Vacancy Announcement Number NY-LN-14-1005598 MP for two GS-11 Permanent Supervisory Park Rangers. ROI Ex. 21.

3. Complainant applied under Vacancy Announcement Number NY-LN-14-1005598 MP and was included on the list of eligible candidates. ROI Ex. 1 at 22, 29.

4. John Piltzecker (DOB 5/1957) became Superintendent of STLI in February 2014. ROI Ex. 19 at 210.

5. Mr. Piltzecker, as the incoming Superintendent, decided to cancel Vacancy Announcement Number NY-LN-14-1005598-MP because it sought applicants within the local commuting area only. ROI Ex. 19 at 210; ROI Ex. 20 at 214; ROI Ex. 23. Mr. Piltzecker believed it was in the best interests of the Park to delete the local commuting area restriction from the announcement to include qualified and interested candidates outside the commuting area, and that, as a merit promotion, it should go to a wider population. ROI Ex. 19 at 210.

6. Vacancy Announcement # NY-LN-1005598-MP was cancelled in January 2014 and the certificate of eligible candidates was returned unused. ROI Ex. 21; ROI Ex. 23; ROI Ex. 28.

7. Mr. Piltzecker was not aware of Complainant's age or prior EEO activity. ROI Ex. 19 at 211; ROI Ex. 7 at 131. Mr. Piltzecker was made aware of the complaint by Complainant in an email dated April 27, 2014. ROI Ex. 1 at 33.

8. The two GS-11 Permanent Supervisory Park Ranger positions were re-announced under Vacancy Announcement Number NY-JB-14-1056987-MP on February 27, 2014. ROI Ex. 22. This announcement deleted the requirement that applicants be within the local commuting area and authorized relocation. ROI Ex. 22 at 225-226.

9. All of the applicants who had applied under Vacancy Announcement Number NY-LN-1005598-MP – including Complainant – reapplied under Vacancy Announcement Number NY-JB-14-1056987-MP. ROI Ex. 19 at 210; ROI Ex. 1 at 23. The re-announcement likely doubled the applicant pool. ROI Ex. 19 at 210. Complainant was included on the certificate of eligible candidates that was sent to the Park in April 2014. ROI Ex. 24.

10. On May 9, 2014, Complainant was interviewed for the GS-11 Permanent Supervisory Park Ranger positions (Vacancy Announcement Number NY-JB-1056987-MP). ROI Ex. 7 at 133, 142; ROI Ex. 9 at 152. Interviews for the Permanent Supervisory Park Ranger positions were conducted by an interview panel of six individuals, including Cherie Butler (DOB 11/1970), Dennis Mulligan (DOB 7/1964), Andrea Boney (DOB 11/1951), Frank Barrow (DOB 3/1977), Joanne Blacoe (DOB 9/1958), and Randy Turner (DOB not available). ROI Ex. 7 at 133.

11. The interview panel described the following qualifications for the supervisor position: 1) leadership abilities, 2) vision consistent with the agency's goals and direction, 3) strong technology and digital media skills, and more. ROI, Ex. 9, Ex. 10, Ex. 11, Ex. 12, Ex. 13.

12. The panel unanimously agreed on the top two candidates who were the selectees for Vacancy Announcement Number NY-JB-14-1056987-MP, Melissa Magnuson-Cannady (DOB 4/1982) and Michael Amato (DOB 10/1976). ROI Ex. 9 at 152; Ex. 10 at 156; Ex. 12 at 166; Ex. 6 at 126.

13. The deciding official for Vacancy Announcement Number NY-JB-14-1056987-MP was Cherie Butler (DOB 11/1970). ROI Ex. 9 at 151; Ex. 7 at 131. Ms. Butler was not aware of Complainant's age or prior EEO activity. ROI Ex. 9 at 151-152.

14. Complainant's first level supervisor was Daniel Brown (DOB not available), Chief Ranger, Interpretation/Education & Visitor Services, STLI, until Mr. Brown's retirement in April 2014. ROI Ex. 1 at 23-24; Ex. 7 at 130.

15. Mr. Brown was responsible for selecting employees to be detailed and paid as temporary acting supervisory rangers. ROI Ex. 2 at 50; Ex. 7 at 130.

16. Complainant failed to timely submit an updated resume to Mr. Brown in response to Mr. Brown's request, and in connection with a detail to an acting supervisor position. ROI, p. 24 (Ex. 3 to Complainant's complaint).

17. Out of 64 employees in Complainant's unit, four were selected to be detailed and paid as acting supervisory rangers for 60 to 90 days between December 2013 and May 2014. ROI Ex. 7 at 135. Two (James Elkins, DOB 6/1956, and Ed Mucci, DOB 12/1964) were over 40 years of age and two (Melissa Magnuson-Cannady, DOB 4/1982, and Anthony Chu, DOB 8/1976) were under 40 years of age. ROI Ex. 7 at 134-135; Ex. 6 at 126-127; Ex. 15 at 194.

18. During times in which the permanent or detailed acting Supervisor Rangers are unavailable, supervisory duties are assigned on a daily basis to other employees within the unit. ROI Ex. 10 at 157; Ex. 11 at 162. Performance of supervisory duties for these temporary, short-term (typically one to several days) periods are not promotions and the "acting" employee continues to be paid at regular grade level. ROI Ex. 10 at 157; Ex. 11 at 162; Ex. 15 at 194; Ex. 16 at 199. Assignment of these short-term, "daily acting" duties is typically made by a person's immediate or first-level supervisor. ROI Ex. 7 at 135. Such assignment of "daily acting" duties is accomplished informally and voluntarily; no employee is required to perform the duties. ROI Ex. 11 at 162; Ex. 16 at 199. It usually rotates among the senior rangers. ROI Ex. 10 at 157.

IV.     **APPLICABLE LAW AND ANALYSIS**

*Summary Judgment Legal Standard*

The Commission's regulations on summary judgment (also known as "decision without a hearing") are patterned after Rule 56 of the Federal Rules of Civil Procedure, which provides that a moving-party may argue for judgment in its favor where there is no genuine dispute as to any material facts. A material fact is in genuine dispute where the relevant evidence of record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Where the offered evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50. Summary judgment is also appropriate where the party opposing summary judgment fails to establish a genuine issue of fact on an element essential to that party's case and on which that party bears the burden of proof. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Any doubt as to whether a fact is material is resolved in favor of the non-moving party for purposes of summary judgment.

To defeat a motion for summary judgment, a party must do more than show that there is some metaphysical doubt as to the material facts. *Matsushita Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. When the record as a whole does not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Id.*

*Age Discrimination Legal Standard*

To prevail in a disparate treatment claim, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Complainant must initially establish a *prima facie* case by demonstrating that he or she was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). Proof of a *prima facie* case will vary depending on the facts of the particular case. *McDonnell Douglas*, 411 U.S. at 804 n. 14.

The Commission applies the *McDonnell Douglas* framework to prove discrimination in cases alleging harm by a federal government employer under the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 633a(a). See *Spencer v. United States Postal Serv.*, EEOC Appeal No. 0120042065 (Aug. 6, 2008) (applying *McDonnell Douglas* to ADEA claim); *Carver v. Department of Justice*, EEOC Appeal No. 07A30025 (Aug. 8, 2005) (same); *Jones v. Bernanke*, 557 F.3d 670, 673 (D.C. Cir. 2009) (explaining in federal sector ADEA retaliation claim that "[w]hether brought under Title VII or the ADEA, . . . claims based on circumstantial evidence . . . trigger the familiar burden-shifting framework of *McDonnell Douglas*"). The first step of the *McDonnell Douglas* burden-shifting framework requires the complainant to establish a *prima facie* case of age discrimination. To do so, the complainant generally must raise an

inference of discrimination by showing: 1) s/he was 40 years of age or older; 2) s/he was subjected to an adverse employment action; 3) s/he was qualified for the job; and 4) there is some reason to infer that the action was related to age, such as ageist statements showing bias by the decisionmaker, or evidence that s/he was replaced by someone substantially younger or otherwise was treated less favorably than someone substantially younger.

The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). In a *McDonnell Douglas* analysis, the Supreme Court has long recognized that after the employer establishes a legitimate nondiscriminatory motive, the plaintiff "must be afforded 'an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 144 (2000) (applying *McDonnell Douglas* paradigm to private sector ADEA claim) (quoting *Burdine*, 450 U.S. 248, 253). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is pretextual. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993).

In an age case involving comparisons between the plaintiff and other workers, the comparator need not be outside the protected group (*i.e.*, under age 40), but must be substantially younger than Complainant. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311 (1996). While there is no bright line rule to determine whether a comparator is "substantially younger," the Commission has found that an age gap of five years or more generally will suffice. *Blinick v. Dep't of Health and Urban Dev.*, EEOC Appeal No. 07A20079, at 4 (Feb. 3, 2004) (citation omitted).

      *Reprisal Legal Standard*

To establish a *prima facie* case of reprisal for participating in protected activity, Complainant typically must show that: (1) s/he engaged in protected activity; (2) the alleged discriminating official was aware of the protected activity; (3) s/he was affected adversely by an action of the agency contemporaneously with or after the protected activity; and (4) there is a causal connection between the protected activity and the agency action. *Walker v. Dept. of Health and Human Services*, EEOC Appeal No. 01983215 (Jan. 14, 2000). The causal connection may be shown by evidence that the adverse action followed the protected activity within such a period of time and in such a manner that a reprisal motive is inferred. *Lucas v. Dept. of the Navy*, EEOC Appeal No. 02-00242-004 (Aug. 10, 2006). Generally, the Commission has held that nexus may be established if events occurred within one year of each other. *Patton v. Dept. of the Navy*, EEOC Request No. 05950124 (June 27, 1996); *Mallis v. United States Postal Service*, EEOC Appeal No. 01A55908 (Oct. 3, 2006).

### A. Claim 1 – Complainant's Non-Selection for Supervisory Park Ranger Position

Complainant alleges that the Agency failed to select him for a Supervisory Park Ranger position

because of his age and in reprisal for his prior EEO activity.[1] Complainant has established a *prima facie* case of age discrimination as he is over 40, was denied the promotion to Supervisory Park Ranger, a position for which he was qualified, and the Agency filled the jobs with candidates outside the protected class (i.e., under 40). Complainant also has stated a *prima facie* case of reprisal as he engaged in protected EEO activity, the relevant agency officials had knowledge of the protected activity, he was denied a promotion and has alleged facts to support a causal connection between his EEO activity and the denial of the promotion.[2]

The Agency has articulated a legitimate non-discriminatory reason for not selecting the Complainant. It has provided evidence that it did not select Complainant based on his qualifications and interview performance, both of which were weaker compared to the selected candidates. Thus, the analysis turns on whether Complainant can establish that the Agency's reasoning is a pretext for age discrimination and reprisal. As set forth below, he cannot.

Complainant asserts that the candidates chosen by the agency were "pre-selected". ROI, Ex. 14, p. 7. He also asserts that one candidate was selected based on "personal favoritism". ROI, Ex. 14, p. 9. Such assertions, even if true, do not support an inference of discrimination. In fact, the pre-selection of a candidate might undercut Complainant's discrimination claim to the extent that it shows the agency knew who it wanted to hire without regard to others in the applicant pool. *Hilliard v. Panetta*, 2012 EEOPUB LEXIS 2052 *9 (July 13, 2012); *Bartolozzi v. Shinseki*, 2012 EEOPUB 2827, *5 (Sept. 13, 2012); *Ostrom-Ramonell v. Astrue*, 2010 EEOPUB LEXIS 3467, *8-9 (Oct. 12, 2010). Further, Complainant's assertion that personal favoritism played a role in the selection of one candidate does not support Complainant's case, but instead may demonstrate a non-discriminatory reason for that candidate's selection.

Complainant makes mostly generalized assertions that he was more qualified than the selected candidates. The record shows that the interview panel was looking for particular qualifications, including 1) leadership abilities, 2) vision consistent with the agency's goals and direction, 3) strong technology and digital media skills, and more. Further, almost uniformly, the panelists stated that the Complainant interviewed poorly and gave short answers to questions with little elaboration. The panel unanimously agreed on the two selected candidates based on their qualifications and interview performance, and all denied that Complainant's age or reprisal played a role.

The selection of the candidates through the comparison of qualifications and interview performance is the kind of subjective decision-making which should be subject to careful scrutiny. See, e.g., *Weiss v. JP Morgan Chase & Co.*, 332 Fed. Appx., 659, 661 (2d Cir. 2009). Here, however, Complainant's generalized assertions fail to rebut the agency's proffered legitimate non-discriminatory reasons for

---

[1] The Agency first issued job announcement NY-LN-1005598-MP for the supervisory positions at issue. That announcement was withdrawn as the incoming superintendent, John Piltzecker, decided to repost it without the restriction that candidates be within commuting distance. Complainant cannot make out a *prima facie* case for this job announcement as the position was not filled and Mr. Piltzecker was unaware of Complainant's age and prior EEO activity. The analysis in this section pertains to Complainant's application regarding the second job announcement for the same supervisory park ranger position – NY-LN-1056987-MP.

[2] The Agency alleges that the selecting official, Cherie Butler, Deputy Superintendent, was not aware of Complainant's age and history of EEO activity, and thus Complainant cannot meet the second element of a *prima facie* case of reprisal. However, as Complainant points out, at least some of the interview panelists knew that Complainant was over 40 and had prior activity, and thus the cat's paw theory may apply here. See *Staub v. Proctor Hospital*, 562 U.S. 411 (2011).

not selecting Complainant. Nor do those assertions raise any inference of discrimination necessary to defeat summary judgment. Complainant's arguments with regard to his qualifications "do not sufficiently demonstrate that the Agency's proffered reasons are not worthy of credence." *Ostrom-Ramonell v. Astrue*, 2010 EEOPUB LEXIS 3467, *7-8 (Oct. 12, 2010). Claim 1 is dismissed.

### B. Claim 2 – Complainant's Non-Selection for Formal Acting Supervisory Ranger Position and Unadjusted Compensation While in Short-Term Acting Supervisory Ranger Position

Complainant asserts that the Agency did not provide him with an opportunity serve as an acting supervisor, with enhanced pay, for 60-90 days due to reprisal for his EEO activity. He also asserts that he was not paid as an acting supervisor when he held the role on a very short-term basis (i.e., typically a few days).

First, Complainant is able to establish a *prima facie* case for reprisal regarding the Agency's failure to provide him with an opportunity to serve as acting supervisor. He engaged in protected EEO activity, the relevant agency official had knowledge of the protected activity, he was not given an opportunity to serve as an Acting Supervisory Park Ranger and has alleged facts to support a causal connection between his EEO activity and the alleged reprisal. The Agency articulates multiple non-discriminatory reasons regarding why Complainant did not serve as an acting supervisor. First, of the four candidates selected to serve as acting supervisor during the relevant time frame, 2 were over 40. Second, the selecting official, supervisor Daniel Brown, asked the Complainant to submit a more complete resume for the acting position, which Complainant failed to do before the time came to fill the acting slot. Complainant argues that he was the most qualified and experienced and thus should have been selected, and baldly asserts that Mr. Brown refused to appoint him because of Complainant's EEO activity. However, Complainant points to no specific facts which give rise to an inference of reprisal. Thus, these generalized assertions are insufficient to dispute the particularized reasons put forth by the Agency regarding Complainant's non-selection. Thus, this claim is dismissed.

Regarding Complainant's claim that he did not receive adjusted pay when serving as an acting supervisor for a few days, the record is clear that employees who act as supervisors for such short periods do not receive a pay adjustment. Thus, this component of Complainant's claim is dismissed as well.

### C. Claim 3 – Failure to Place Complainant on Unofficial Candidate Selection List and Provide Him Interview Opportunity

Complainant asserts that the Agency discriminated against him based on age and engaged in reprisal based on his prior EEO activity when it did not place him on an unofficial candidate selection list and related interview list. Complainant produced no evidence regarding the existence of this list to substantiate this claim. Complainant's opposition to the summary judgment motion did not contain argument as to this claim. Further, Complainant was interviewed for the position at issue, and thus suffered no harm. This claim is dismissed.

7

## V. CONCLUSION

Based on the foregoing, the Agency's Motion for Summary Judgment is GRANTED.

SO ORDERED

For the Commission

*Robert D. Rose* (signature)

Robert D. Rose
Administrative Judge
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street
New York, NY  10004
rrose-efilebox@eeoc.gov

## CERTIFICATE OF SERVICE

For timeliness purposes, presumption of receipt of this DECISION shall be five (5) calendar days after being sent 1st class U.S. Mail (if electronic mail, presumption of receipt is the next regular business day).

It is hereby certified that a true and correct copy of the Commission's DECISION was sent April 1, 2016, to the following parties:

**For the COMPLAINANT:**

*Complainant (by email)*
Dave McCutcheon
dave_mccutcheon@nps.gov

*Complainant's Representative (by email)*
Locksley O. Wade
wade@wadefirm.com

**For the AGENCY:**

*Agency Representative (by email)*
S. Amanda Bossie
Susan.Bossie@sol.doi.gov

_____
Robert D. Rose
Administrative Judge
Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: (212) 336-3708
rrose-efilebox@eeoc.gov

9



$002.45 APR 21 2016
MAILED FROM ZIP CODE 10004

Director
Office for Equal Opportunity
U.S. Department of the Interior
1849 C Street, NW, MIB-4309
Washington, DC 20240

U.S. Equal Employment Opportunity Commission
New York District Office
Federal Hearings Unit
33 Whitehall Street, 5th Floor
New York, NY 10004-2112