UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID McCUTCHEON,

                Plaintiff,

      v.

DEBRA HAALAND, SECRETARY OF THE
UNITED STATES DEPARTMENT OF
INTERIOR,

                Defendant.

20 Civ. 10616 (VF)

**<u>ANSWER</u>**

---

Defendant Debra Haaland, Secretary of the U.S. Department of the Interior ("Defendant" or "DOI"), by her attorney Damian Williams, United States Attorney for the Southern District of New York, hereby answers the Second Amended Complaint (ECF No. 59, "Complaint"), of David McCutcheon ("Plaintiff"), upon information and belief, as follows:

The allegations in the section entitled "Nature of the Action" consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, admits.

1.      The allegations contained in Paragraph 1 of the Complaint consist of legal conclusions concerning jurisdiction, to which no response is required. To the extent a response is deemed required, admits the Court has jurisdiction over this action.

2.      Denies and avers that Plaintiff brings no related state law claims in the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint consist of legal conclusions concerning venue, to which no response is required. To the extent a response is deemed required, admits that venue is proper in this district.

4.      Admits.

5.      Admits.

6.      Denies and avers that Plaintiff has not exhausted his administrative remedies with respect to alleged conduct that occurred more than 45 days prior to his initiation of contact with DOI's Equal Employment Opportunity ("EEO") Counselor on August 27, 2019.

7.      Denies and avers that Plaintiff filed a formal EEO complaint concerning the allegations in the Complaint on October 17, 2019, which was subsequently amended.

8.      Denies and avers that on April 14, 2021, DOI issued a Final Agency Decision finding that the preponderance of the evidence did not support Plaintiff's claims of unlawful discrimination contained in his EEO complaint filed on October 17, 2019, as amended.

9.      Denies.

10.     Admits.

11.     Admits.

12.     Denies, except admits that Plaintiff received no discipline prior to the March 5, 2020, Notice of Decision Regarding 14-Day Proposed Suspension, which mitigated Plaintiff's proposed suspension to 7 days, effective between March 18, 2020 through March 24, 2020.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Denies, except admits that in the fiscal years 2018 and 2019, Plaintiff was rated superior on his Employment Performance Appraisal.

15.     Denies.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Denies.

24. Denies, except admits that Plaintiff applied for the position Supervisory Park Ranger, GS-0025-11 (vacancy announcement NY-LN-14-1005598 MP), in or around 2013.

25. Denies, except admits that Plaintiff received no discipline prior to the March 5, 2020, Notice of Decision Regarding 14-Day Proposed Suspension, which mitigated Plaintiff's proposed suspension to 7 days, effective between March 18, 2020 through March 24, 2020.

26. Denies.

27. Denies.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies.

30. Denies.

31.     Denies.

32.     Denies.

33.     Denies, except admits that Plaintiff filed a complaint of discrimination on the basis of age and reprisal in 2014 when he was not selected for a supervisory park ranger position, in case no. DOI-NPS-14-0113.

34.     Denies.

35.     Denies.

36.     Denies.

37.     The allegations contained in Paragraph 37 of the Complaint consist of legal conclusions concerning discrimination, to which no response is required.  To the extent a response is deemed required, denies.

38.     Denies.

39.     Denies.

40.     Denies.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Denies, except admits that Plaintiff took Annual Leave on Monday, November 5, 2018, called out of work on November 26 and 27, 2018, and was granted sick leave on December 20, 2018.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.    Denies.

46.    Denies.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.    Denies, except admits that Plaintiff, along with several other Rangers, were ordered to report to the Statute of Liberty Park, commencing on November 25, 2018, due to staffing needs.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.    Denies.

55.    Denies.

56.    Denies, and avers that Plaintiff did not apply for any supervisory positions while Mr. Amato served as Chief of Interpretation at the Statue of Liberty/Ellis Island.

57.    Denies.

58.    Denies.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Denies.

63.     Denies.

64.     Denies, except admits that posts identified as "6P Podium" and "Screening Site" must be manned at all times, and further admits that Rangers manning those posts must contact a supervisor if they will be absent from the post, and further admits that some of these posts are unheated.

65.     Denies.

66.     Denies, except admits that on March 5, 2020, the Agency issued to Plaintiff the Notice of Decision Regarding 14-Day Proposed Suspension, which mitigated Plaintiff's proposed suspension to 7 days, effective between March 18, 2020 through March 24, 2020, and further admits that Plaintiff's AWOL charge was sustained.

67.     Denies, except admits that on August 21, 2018, Plaintiff requested annual leave for December 26-28, 2018, and further admits that on September 6, 2018, Plaintiff requested annual leave for December 19-21, 2018, and December 24, 2018.

68.     Denies.

69.     Denies.

70.     Denies, except admits that Plaintiff was granted sick leave on December 20, 2018.

71.     Denies, except admits that Plaintiff's requests for leave made in August and September 2018 for December 2018 were denied.

72.     Denies.

73.     Denies the allegations contained in Paragraph 73 of the Complaint to the extent Plaintiff asserts the positions were "promotional," as the vacant position were Park Ranger (GS-025-09) positions, which were the same position and grade level as Plaintiff, and otherwise admits.

74.     Denies.

75.     Denies.

76.     Denies.

77.     Denies.

78.     Denies.

79.     Denies.

80.     Denies.

81.     Denies Plaintiff's characterization that the two positions were "given" to two younger employees, and otherwise admits that two individuals who are younger than Plaintiff were employed as Park Rangers.

82.     Denies, except admits that employee Matthew Housch, was appointed on June 23, 2019, and employee Kathryn Gilson was laterally reassigned to Liberty on June 23, 2019, and is the same grade as Plaintiff.

83.     Denies, except admits that employee Matthew Housch, was appointed on June 23, 2019, and received a promotion to the same grade as Plaintiff on July 19, 2020.

84.     Denies.

85.     Denies.

86.     Denies.

87.     Denies.

88.     Denies.

89.     Denies.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 90 of the Complaint.

91.     Denies.

92.     Denies.

93.     Denies.

94.     Denies.

95.     Denies.

96.     Denies.

97.     Denies.

98.     Denies.

99.     Denies.

100.    Denies, and avers that DOI has a program available to all eligible employees,

irrespective of age, to assist with the payment of educational opportunities.

101.    Denies.

102.    Denies.

103.    Denies.

104.    Denies.

105.    Denies.

106.    Denies.

107.    Denies.

108.    Denies.

109.    Denies.

110.    Denies.

111.    Denies, and respectfully refers the Court to the cited testimony for a complete and accurate statement of its contents, and denies any inconsistent statements thereto.

112.    Denies.

113.    Denies, except admits that Plaintiff received a Written Notice of Proposed 14-Day Suspension on January 10, 2020.

114.    Denies.

115.    Denies.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint, except admits that Plaintiff called Park Ranger Jennifer Seron "stupid."

117.    Denies, except admits that a complaint filed by Seron was investigated.

118.    Admits that Plaintiff was suspended and thus unpaid for five workdays. Otherwise denies, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents, and denies any inconsistent statements thereto.

119.    Denies, and avers that Plaintiff filed a Complaint of Discrimination in DOI-NPS-19-0730, which was submitted on October 21, 2019.

120.    Denies.

121.    Defendant realleges and incorporates her answers to Paragraphs 1 through 120 as

though fully set forth herein.

122.    The allegations contained in Paragraph 122 of the Complaint consist of legal conclusions concerning the Rehabilitation Act, to which no response is required.

123.    The allegations contained in Paragraph 123 of the Complaint consist of legal conclusions concerning whether Plaintiff engaged in protected activity under the Rehabilitation Act, to which no response is required.  To the extent a response is deemed required, denies.

124.    The allegations contained in Paragraph 124 of the Complaint consist of legal conclusions concerning whether Defendant violated the Rehabilitation Act, to which no response is required.  To the extent a response is deemed required, denies.

125.    The allegations contained in Paragraph 125 of the Complaint consist of legal conclusions concerning whether Defendant retaliated against Plaintiff, to which no response is required.  To the extent a response is deemed required, denies.

126.    Defendant realleges and incorporates her answers to Paragraphs 1 through 125 as though fully set forth herein.

127.    Admits.

128.    Admits.

129.    Denies.

130.    The allegations contained in Paragraph 130 of the Complaint consist of legal conclusions concerning whether Defendant discriminated against Plaintiff, to which no response is required.  To the extent a response is deemed required, denies.

131.    The allegations contained in Paragraph 131 of the Complaint consist of legal conclusions concerning a hostile work environment, to which no response is required.  To the extent a response is deemed required, denies and respectfully refers the Court to the Opinion and

Order, dated March 10, 2023 (ECF No. 53), in which the Court dismissed Plaintiff's claims

alleging the existence of a hostile work environment under the Rehabilitation Act and the Age

Discrimination in Employment Act.

132.    The allegations contained in Paragraph 132 of the Complaint consist of legal

conclusions concerning whether Defendant discriminated against Plaintiff, to which no response

is required.  To the extent a response is deemed required, denies.

133.    Denies.

134.    Denies.

135.    Denies.

136.    Denies.

137.    Defendant realleges and incorporates her answers to Paragraphs 1 through 136 as

though fully set forth herein.

138.    Admits.

139.    Admits.

140.    Denies.

141.    The allegations contained in Paragraph 141 of the Complaint consist of legal

conclusions concerning retaliation based on age, to which no response is required.  To the extent

a response is deemed required, denies.

142.    The allegations contained in Paragraph 142 of the Complaint consist of legal

conclusions concerning adverse employment actions, to which no response is required.  To the

extent a response is deemed required, denies.

143.    Denies.

144.    Denies.

145.    Denies.

146.    Denies.

147.    Denies.

148.    Denies.

149.    Paragraph 149 of the Complaint contains no factual allegations to which a response is required.

150.    The Wherefore paragraphs of the Complaint contain no factual allegations to which a response is required.  To the extent a response is deemed required, denies that Plaintiff is entitled to the relief requested or any relief.

## DEFENSES

Any allegations not specifically admitted or denied are hereby denied. For further and separate answer, Defendant alleges as follows:

### FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiff was not unlawfully discriminated against on the basis of any protected characteristic nor was he retaliated against for protected activity.

### THIRD DEFENSE

Any actions taken by Defendant, its agents, or its employees were motivated by legitimate, nondiscriminatory, and non-retaliatory reasons which were not pretextual.

12

**FOURTH DEFENSE**

To the extent Plaintiff claims that Defendant failed to provide him with a reasonable accommodation, Plaintiff could not, even with reasonable accommodation, perform the essential functions of his position.

**FIFTH DEFENSE**

Defendant, its agents, and its employees acted at all times in accordance with all relevant statutes, rules, and regulations.

**SIXTH DEFENSE**

Plaintiff has failed to demonstrate and/or mitigate his damages.

**SEVENTH DEFENSE**

Damages and costs, if any, are limited to those permitted by statute.

**EIGHTH DEFENSE**

To the extent Plaintiff failed to exhaust all available administrative remedies properly, as required by the applicable statutes and regulations, this action is barred in whole or in part.

**NINTH DEFENSE**

To the extent the allegations are outside the scope of the administrative charges filed by Plaintiff, Plaintiff has failed to state a cause of action for which relief can be granted.

**TENTH DEFENSE**

Plaintiff is not entitled to a jury trial with respect to any claim for equitable or injunctive relief.

Defendant may have additional defenses which are not known at this time, but which may become known through discovery.  Accordingly, Defendant reserves the right to assert each

and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

      WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements herein, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 12, 2023

                    Respectfully submitted,

                    DAMIAN WILLIAMS
                    United States Attorney
                    Southern District of New York

By:  */s David E. Farber*
                    DAVID E. FARBER
                    Assistant United States Attorney
                    86 Chambers Street, Third Floor
                    New York, New York 10007
                    Tel.: (212) 637-2772
                    E-mail: david.farber@usdoj.gov