UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID McCUTCHEON,

                    Plaintiff,

      v.

DOUG BURGUM, SECRETARY OF THE
UNITED STATES DEPARTMENT OF
INTERIOR,

                    Defendant.[1]

20 Civ. 10616 (VF)

## STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff David McCutcheon ("Plaintiff") and Defendant Doug Burgum, Secretary of the United States Department of the Interior ("Defendant" or the "DOI") (collectively the "Parties"), as follows:

1. This action is hereby dismissed with prejudice and without costs, interest, disbursements or fees as against all Parties, other than as set forth herein.

2. This Stipulation and Order of Settlement and Dismissal (the "Stipulation") is a result of a compromise and shall never at any time or for any purpose be construed as an admission of liability or fault by the DOI or the United States or any of its present or former departments, agencies, agents, officials, or employees.

3. Within a reasonable time after entry of this Stipulation by the Court, the DOI agrees to pay to Plaintiff the amount of thirty-five thousand dollars ($35,000) (the "Settlement Amount").

---

[1] Doug Burgum became the Secretary of the United States Department of the Interior on February 1, 2025, and is automatically substituted as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Payment of the Settlement Amount will be made by the United States by electronic funds transfer, consistent with the normal processing procedures followed by DOI and the Department of Justice.

    4.    As a material inducement to the DOI to enter into this Stipulation, Plaintiff agrees to accept the benefits being provided to him under this agreement in full settlement and satisfaction of any and all claims and demands, and hereby irrevocably and unconditionally releases, acquits, and forever discharges the United States and the DOI, any of its sub-agencies or components, and any of their current or former officers, employees, representatives, agents, attorneys, and persons acting by, through, or under any of them, including, but not limited to, all individual federal employees identified in the Amended Complaint in this action, in their official and individual capacities, and any such person's or entity's successors, assigns, heirs, or distributees (collectively "the Releasees") or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney's fees and costs actually incurred), of any nature whatsoever, known or unknown, suspected or unsuspected ("Claim" or "Claims") that Plaintiff now has, owns, or holds, or claims to have, own, or hold, or at any time heretofore had, owned, or held, or claimed to have, own, or hold, that pertain to the facts alleged in the Amended Complaint, or regarding matters that have arisen out of or in connection with his employment at the DOI which occurred prior to the date on which the Stipulation is executed by the Parties.

    5.    Plaintiff understands that taxes will not be withheld from the Settlement Amount. The DOI will issue an IRS Form 1099 MISC to Plaintiff; however, Defendant takes no position regarding the tax treatment of the Settlement Amount.

6. Plaintiff represents and warrants that he will assume all responsibility for, and will protect, indemnify, defend and hold the DOI harmless from and against, any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties and expenses resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state or local government or agency thereof, related to any tax for which Plaintiff is found liable.

7. Plaintiff represents that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any Claim or any portion thereof or interest therein, and agrees to indemnify, defend and hold harmless the Releasees from and against any and all Claims, based on or arising out of any such assignment or transfer, or purported assignment or transfer, of any Claims, or any portion or interest therein.

8. Plaintiff shall not pursue any complaint or claim currently pending or make any new complaint or claim against Defendant with any agency of the federal government, including but not limited to any administrative board or commission or any tribunal at any time hereafter regarding matters relating to his employment at the DOI that have occurred prior to the execution of this Stipulation. Plaintiff waives any and all rights to seek recovery of back pay, front pay, restored leave, attorney's fees, additional compensatory damages, or any other type of damages, benefit or award for any matters relating to his employment at the DOI that have occurred prior to the execution of this Stipulation.

9. Plaintiff shall voluntarily retire from the federal government no later than September 20, 2025. Plaintiff remains free to retire on any date prior to September 20, 2025, and the retirement date established by Plaintiff shall become the effective date on which Plaintiff begins to receive any and all retirement benefits authorized by applicable law. No later than September 6, 2025, or fourteen (14) calendar days prior to the retirement date established by

Plaintiff, whichever is earlier, Plaintiff shall submit his voluntary retirement application, in writing through Standard Form 3107-Application for Immediate Retirement/Federal Employees Retirement System, through the Online Retirement Application. Plaintiff shall indicate at Section B.2 of Standard Form 3107 that Plaintiff's voluntary retirement becomes effective on "September 20, 2025," or any earlier date established by Plaintiff. Plaintiff's voluntary written retirement application shall not include any language which expressly states or impliedly suggests that Plaintiff's decision to retire was involuntary. The DOI agrees that it will assist Plaintiff administratively with the processing of his voluntary retirement application by providing him with the necessary paperwork and retirement counseling. The DOI agrees that it will complete the required forms and will not take any affirmative steps to interfere with Plaintiff's application. Nothing in this agreement should be interpreted to require the DOI to make any misrepresentations or to omit any information sought by the Office of Personnel Management.

10. Plaintiff agrees that acceptance of the valuable consideration described in this Stipulation shall constitute and memorialize Plaintiff's written, knowing, voluntary, unequivocal, and irrevocable decision to retire from Plaintiff's position of record. Consistent with Plaintiff's clear, voluntary, unequivocal, and irrevocable decision to retire from Plaintiff's position of record, Plaintiff acknowledges that DOI may decline and refuse to grant any subsequent request from Plaintiff to withdraw Plaintiff's voluntary retirement or to delay the effective date of the retirement. If Plaintiff fails to submit his retirement application by September 6, 2025, the Parties agree and understand that the Agency will process Plaintiff's separation effective September 20, 2025, as a voluntary resignation.

11. Upon entry of this Stipulation by the Court, DOI agrees to thereafter grant Plaintiff forty (40) hours per week of paid administrative leave (060), beginning no later than the day after

4

the date this Stipulation is entered by the Court, and lasting through the duration of employment until his retirement date. While granted paid administrative leave, Plaintiff shall remain a federal employee and shall receive full pay (including, as applicable, any within-grade increase(s)), benefits (including, as applicable, Thrift Savings Plan contributions, health/vision/dental benefits, and the protections of life insurance), annual/sick leave accrual, credit towards retirement benefits, and/or any other similar benefits, for which DOI will continue to make the required contributions. Plaintiff's status as a federal employee and receipt of full pay and benefits will continue during this period, even if DOI finds it necessary to effect changes to Plaintiff's position of record.

12. Plaintiff agrees that after his retirement he will not apply for, or otherwise seek, a position with the DOI anywhere in the United States. Plaintiff further agrees not to serve as a contractor, or a contractor employee, working directly with the DOI. Plaintiff agrees that if he does apply for, or otherwise seeks, a position as an employee, contractor, or contractor employee with the DOI, he will be deemed ineligible, and that the DOI may disclose this Stipulation, and the facts behind it, to the party, unit, sub-agency, component, or contractor to which Plaintiff applied. Plaintiff has no administrative recourse or cause of action in any forum if the DOI takes any action described in this paragraph.

13. The DOI and Plaintiff each acknowledge that they are entering into this Stipulation knowingly and voluntarily, having had adequate time to consider its terms and after consultation and extensive negotiations between the Parties. This Stipulation contains the entire agreement between the Parties, and any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or counsel that are not included herein shall be of no force or effect.

14. Plaintiff represents and agrees that he is fully aware of his right to discuss any and all aspects of this matter with an attorney chosen by him, that he has been provided with reasonable and sufficient time to consider this Stipulation, that he that he has carefully read and fully understands all the provisions of this Stipulation, and that he is voluntarily entering into this Stipulation.

15. Plaintiff represents and acknowledges that in executing this Stipulation, he does not rely and has not relied upon any representation or statement made by any of the Releasees or by any of the Releasees' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Stipulation or otherwise, except those contained in this Stipulation.

16. The terms of this Stipulation shall become effective upon entry of this Stipulation by the Court. Payment of the Settlement Amount shall be made to Plaintiff only after execution by the Parties and entry by the Court of this Stipulation. If not approved and entered by the Court, this Stipulation shall be null and void, with no force or effect.

17. This Stipulation shall be binding upon Plaintiff and upon his heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of Releasees and each of them, and to their heirs, administrators, representatives, executors, successors, and assigns.

18. This Stipulation and the releases contained herein shall be governed by, interpreted under, and construed in accordance with federal law in this jurisdiction.

19. This Stipulation is intended to be non-precedential. No part of this Stipulation may be used by any person in any proceeding of any kind as evidence of discrimination or retaliation, as evidence of any violation of the common law of any jurisdiction, or any obligation or duty at law or in equity, including collective bargaining agreements. Similarly, none of the communications made concerning this Stipulation, nor information and statements submitted

during its negotiation, nor any action taken to implement it, may be used by anyone other than the Party who created or submitted such materials to establish a violation of any federal, state or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity, including collective bargaining agreements. None of the terms of the Stipulation (including but not limited to damages and the dismissal of this action) may be offered in evidence or in any way referred to in any civil, criminal, or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Stipulation.

20. This Stipulation may be signed in two (2) counterpart originals, each of which shall be deemed to be an original. The parties to this Settlement Agreement agree that scanned signatures are treated the same as original signatures and a copy of the fully executed Stipulation shall have the same legal effect and shall be equally enforceable in law and/or equity as the original fully executed Stipulation.

[*Signature Page Follows*]

Dated: FOREST HILLS, New York
       August 25, 2025

David McCutcheon
*Plaintiff*

Dated: New York, New York
       August 26, 2025

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____
DAVID E. FARBER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel:   (212) 637-2800
*Attorneys for Defendant*

**SO ORDERED:**

Dated: _____

_____
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

8